KLEES, Judge.
The defendant was charged with the violation of R.S. 14:95.1, possession of a firearm by a convicted felon, and pled not guilty. He then filed a motion to quash, arguing that this prosecution was barred under the doctrine of collateral estoppel because of his earlier acquittal on a narcotics charge arising out of the same facts. The trial court granted the motion to quash, and the State appeals. We affirm.
The facts are as follows. Police Officers Wethern, McNeil, and Farve were conducting a long term investigation into heroin distribution from a residence in the 2900 block of Bruxelles Street. By July 5, 1985, one person, Paul Peddington, had already been convicted, and the officers began focusing on Tommy Battenburg, whom they believed to have taken over Peddington’s position as retail seller. They also were watching Roy Chambers, whom they believed was supplying Battenburg. On July 5, they followed Battenburg from his residence to Bud’s Broiler on Banks Street. In the parking lot, they observed Battenburg and the defendant, Roy Chambers, standing next to a silver Chrysler which the officers knew belonged to Peddington. They noticed Battenburg walking away from Chambers and placing something in his pocket. The officers then followed Bat-tenburg back to Bruxelles Street, where they arrested him and confiscated heroin found on his person. Battenburg told them that Chambers had sold him the heroin at Bud’s Broiler, that Chambers was driving Peddington’s car, and that Chambers had quantities of heroin and two firearms in the car. The officers returned to Bud’s Broiler and saw the defendant walking out of Bud’s with keys in his hand. They arrested the defendant, took the keys, and determined that the keys fit the silver Chrysler. The defendant then began protesting that the car did not belong to him, but to Ped-dington.
*1090 The officers proceeded to search the car, where they discovered a .38 caliber revolver on the floor, a cigarette pack containing 168 doses of heroin underneath the dashboard near the steering column, and a shotgun in the trunk. No drugs were found on the defendant’s person, but approximately one thousand dollars was found in a purse he was carrying. The officers later searched defendant’s apartment, but discovered nothing.
The record reveals no errors patent.
The defendant was charged with possession of heroin with intent to distribute and with possession of a firearm by a convicted felon. The charges were severed, and the defendant was first tried on the narcotics charge and acquitted. The defense then filed a motion to quash the prosecution on the firearms charge, arguing that under the doctrine of collateral estoppel, this prosecution could not continue because a jury had already determined in the first trial that the defendant did not have possession or control of the car where both the heroin and the revolver had been found. The trial court granted the motion, reasoning that “this issue has been tried on similar facts.” The State has appealed, contending that collateral estoppel does not apply in this case.
In State v. Blache, 480 So.2d 804 (La. 1985), the Louisiana Supreme Court recognized that the principle of collateral estop-pel, which is anchored in the constitutional guarantee against double jeopardy, may bar a prosecution in which an issue of ultimate fact has already been determined by a valid and final judgment. The Court adopted the definition of collateral estoppel set forth by the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), to wit:
“Collateral estoppel” is an awkward phrase, but it stands for an extremely important principal in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
State v. Blache, 480 So.2d at 306, quoting Ashe v. Swenson, 397 U.S. at 443, 90 S.Ct. at 1194. The Court in Blache went on to state that in Louisiana, “the application of the doctrine has been limited ‘to those cases where it is required by Ashe v. Swenson....’” Id. Therefore, we must apply the doctrine of collateral estoppel according to the following guidelines, set out by the Court in Ashe:
Where a previous judgment of acquittal was based on a general verdict, as is usually the case, this approach requires the court to “examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.”
Id. 480 So.2d at 306, quoting Ashe v. Swen-son, 397 U.S. at 444, 90 S.Ct. at 1194.
In the instant case, both the heroin and the gun were found in the silver Chrysler, the gun on the floor and the drugs under the dashboard. The defendant was never seen in actual possession of either the drugs or the gun, nor was he seen driving the car, although he had keys to it. The defense in the narcotics trial presented strong evidence tending to establish that the car belonged to someone other than the defendant and that other people drove it. The prosecution presented no additional evidence linking the defendant to either the car or the heroin. Under the circumstances, we find that the trial court was correct in concluding that the jury’s verdict of “not guilty” of possession with intent to distribute (which necessarily incorporated a finding of not guilty on the lesser included offense of possession) could not rationally have been based on any issue other than non-possession of the car and thus of the drugs as well. Since a jury has determined that the defendant did not have possession or control of the heroin found in the car, he cannot legally be held to have had possession or control of the revolver found in the same car at the same time. Therefore, defendant’s prior acquittal on the narcotics *1091 charge bars this prosecution under the doctrine collateral estoppel.
Accordingly, for the reasons stated, we affirm the trial court’s granting of the motion to quash.
AFFIRMED.